IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UTHAIWAN WONG-OPASI, PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-0646 |
| | ) | |
| RICHARD ROOKER and NORMAN | ) | JUDGE ECHOLS |
| "RICHARDSON" OR "ROBINSON," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM

Presently pending before the Court are the following motions by Plaintiff, acting pro se: (1) "Motion for Review of Order Affirming Magistrate Judge's Order" (Docket Entry No. 52); (2) "Objection To and Motion for Review of Order Affirming Court Clerk's Error" (Docket Entry No. 54); and (3) "Second Motion to Strike Defendants' Answers" (Docket Entry No. 59). All three motions are construed as Motions to Reconsider. (Docket Entry No. 62). No response has been filed by Defendants.

### I. PROCEDURAL HISTORY AND FACTS

Uthaiwan Wong-Opasi ("Plaintiff") initiated this action on July 25, 2004, against Defendants Richard R. Rooker, Clerk of Davidson County Circuit Court; Tracy Cartwright, Chief Deputy Clerk of Davidson County Circuit Court; and Norman "Richardson" or "Robinson," Head of Security of Davidson County Circuit Court, after Plaintiff was physically removed from the premises of the Davidson County Circuit Courthouse on July 26, 2004, by security guards at Rooker's request. (Docket Entry No. 1). Plaintiff

1

alleges that Defendants' acts resulted in the deprivation of her constitutional right of access to the courts in violation of 42 U.S.C. § 1983. (Id.) Plaintiff also alleges that Defendants Rooker and Cartwright engaged in a series of unlawful acts or omissions in relation to three libel cases filed by Plaintiff in Davidson County Circuit Court, resulting in a deprivation of Plaintiff's constitutional rights under Section 1983. (Id.)

Defendants moved for the dismissal of Plaintiff's claims. (Docket Entry No. 12). By Order and accompanying Memorandum entered on November 19, 2004, the Court granted in part and denied in part Defendants' Motion to Dismiss. (Docket Entry Nos. 22, 23). The Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Rooker and Cartwright related to the assignment, processing, record-keeping, and scheduling of Plaintiff's state law libel cases and dismissed Tracy Cartwright as a Defendant. (Id.) The Court denied Defendant's Motion as to Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Rooker and "Richardson" or "Robinson" related to Plaintiff's removal from the Davidson County courthouse on July 26, 2004. (Id.)

Also on November 19, 2004, the Court adopted the Report and Recommendation of the Magistrate Judge denying Plaintiff's application for a temporary restraining order "grant[ing] protection to the plaintiff to gain equal access to the Circuit Court of Davidson County without fear and without further violations by court officials." (Docket Entry No. 21).

A Scheduling Order was entered on November 24, 2004, setting forth deadlines for completion of pretrial matters in this action.

(Docket Entry No. 25). On February 22, 2005, Plaintiff filed a "Motion for Extension of Time Until July 15, 2005," which the Court construed as a motion to stay proceedings. (Docket Entry No. 25). On February 25, 2005, Defendants filed a "Motion to Extend the Time for Filing Dispositive Motions" until April 18, 2005. (Docket Entry No. 27).

On March 10, 2005, the Magistrate Judge denied Plaintiff's motion for a stay and granted Defendants' motion for an extension of time for filing dispositive motions.[1] (Docket Entry No. 28). The Magistrate Judge noted that it appeared both parties needed additional time and extended deadlines for the filing of Answers, the completion of discovery, and the filing of discovery-related motions.[2] (Id.) Further, the Magistrate Judge ordered Plaintiff to serve copies of any future filings only upon counsel for the Defendants and not upon the individual Defendants at their residences. (Id.)

Plaintiff filed a Motion for Review of the Magistrate Judge's Order (Docket Entry No. 28), which the Court granted. (Docket Entry Nos. 45 and 46). After reviewing the record, the Court denied Plaintiff's request to reverse the Magistrate Judge's rulings and affirmed the Magistrate Judge's Order. (Id.) Additionally, due to ongoing confusion regarding the proper name of the one of the

---

[1] The new deadline for filing dispositive motions was June 20, 2005. (Docket Entry No. 28 at 2).

[2] The new deadlines were as follows: for filing Answers, March 25, 2005; for completing discovery, May 16, 2005; and for filing discovery-related motions, May 23, 2005. (Docket Entry No. 28 at 2).

3

defendants, the Court instructed counsel for Defendants to advise the Court as to the proper name of Defendant Norman "Richardson" or "Robinson" within ten days of the entry of the Court's Order. (Id.)

On March 14, 2005, Plaintiff filed a "Cross Motion for Default Judgment" (Docket Entry No. 30), which the Clerk of Court construed as a request for entry of default (Docket Entry No. 36). After the Clerk of Court denied Plaintiff's request, Plaintiff filed a "Notice of Court Clerk's Intentional Errors" (Docket Entry No. 27), which the Court construed as Motion to Reconsider the Clerk of Court's denial of entry of default (Docket Entry No. 47). The Court denied Plaintiff's Motion and affirmed the Clerk's denial of entry of default. (Id.)

On May 5, 2005, Plaintiff filed Motions to Strike Defendants' Answers (Docket Entry No. 41) and "to Compel Default Judgments Against All Defendants" (Docket Entry No. 43). The Court acknowledged that Defendants' Answers were untimely filed, but declined to strike Defendants' Answers, expressly advising Defendants that all future deadlines in this case would be strictly enforced, and that failure to abide by such deadlines may result in the entry of judgment in Plaintiff's favor. (Docket Entry No. 48 at 2). The Court also denied Plaintiff's Motion to Compel Default Judgments, noting that Defendants Rooker and "Richardson" or "Robinson" had otherwise defended themselves in this action by filing a Motion to Dismiss on September 20, 2004. (Id. at 3).

The Magistrate Judge noted on August 2, 2005, that contrary to the Court's express Orders, Plaintiff continues to serve Defendants

4

at their home addresses. (Docket Entry No. 62). In addition, Defendants have not advised the Court of the proper name of Defendant "Richardson" or "Robinson," although more than ten days have passed since the entry of the Court's Order instructing Defendants to so advise the Court. (Id.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 54(b), courts may reconsider their non-final orders "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). See Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1470 (4th Cir. 1991). Whether relief is appropriate under Rule 54(b) is within the sound discretion of the trial judge. See Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir. 1988); Acha v. Beame, 570 F.2d 57, 63 (2d Cir. 1978). Relief shall be granted as justice requires. See Akzo Coatings, Inc. v. Aigner Corp., 909 F. Supp. 1154, 1160 (N.D. Ind. 1995); Acme Printing, Inc. v. Menard, Inc., 891 F. Supp. 1289, 1295 (E.D. Wis. 1995). The orders challenged by Plaintiffs are not final orders in this case and, as such, are reviewable under Rule 54(b).

## III. ANALYSIS

Plaintiff's instant Motions essentially convey her dissatisfaction with the Court's recent rulings. (Docket Entry Nos. 52, 54, and 59). The Court will address each Motion in turn.

5

**A. Motion to Reconsider Order Affirming Magistrate Judge's Order (Docket Entry No. 52)**

On March 10, 2005, the Magistrate Judge denied Plaintiff's motion for a stay of proceedings and granted Defendants' motion for an extension of time for filing dispositive motions. (Docket Entry No. 28). Noting that both parties needed additional time, the Magistrate Judge extended deadlines for the filing of Answers, the completion of discovery, and the filing of discovery-related motions. (Id.) Further, the Magistrate Judge ordered Plaintiff to serve copies of any future filings only upon counsel for the Defendants and not upon the individual Defendants at their residences. (Id.) On June 16, 2005, the Court affirmed the Magistrate Judge's rulings. (Docket Entry No. 46).

Plaintiff contends the Court should alter its previous ruling affirming the Magistrate Judge's Order for a number of reasons. First, Plaintiff contends that it was error for the Magistrate Judge to extend Defendants' filing deadline when Defendants had not requested an extension. However, as noted above, Defendants did request an extension of time within which to file their dispositive motions. (Docket Entry No. 27). Given the broad latitude afforded to judges as managers of their own dockets, see Fed. R. Civ. P. 16, and given that the Magistrate Judge believed that both parties would benefit from additional time, it was not improper for the Magistrate Judge to amend the scheduling order in this case.

Second, Plaintiff insists that she must continue to serve Defendants at their home addresses because the Court has held in previous cases involving Plaintiff that "service upon defendants'

6

counsel alone was insufficient" when defendants were sued in both their individual and official capacities. (Docket Entry No. 53 at 2). Plaintiff is correct that she needed to serve <u>the Complaint</u> on the individual Defendants at their home addresses. However, all other filings <u>subsequent to</u> the Complaint should be served on counsel for Defendants Rooker and "Richardson" or "Robinson," pursuant to Federal Rule of Civil Procedure 5(b), since those Defendants are represented by counsel.[3]

On multiple occasions, the Court has ordered Plaintiff to cease serving Defendants at their home addresses. (Docket Entry Nos. 28 and 48). The Court reassures Plaintiff that she will not forfeit any claims or rights by serving Defendants in the manner required by the Court and by the Federal Rules of Civil Procedure. **Plaintiff is hereby advised that if she continues to serve Defendants at their home addresses in violation of the Court's Orders, Plaintiff may be subject to sanctions.**

Third, Plaintiff maintains that Defendants are in default and Plaintiff is entitled to a default judgment against them. This argument is more appropriately addressed in response to Docket Entry No. 54 because the Order challenged by Plaintiff's Docket Entry No. 52 does not concern Plaintiff's request for a default judgment.

---

[3] Rule 5(b)(1) provides: "Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). The Court has not ordered service on any individual Defendant in this case.

7

Finally, Plaintiff asserts that she was unaware that the Court had dismissed Tracy Cartwright as a Defendant in this case because Defendant Cartwright's Motion to Dismiss was not properly served on Plaintiff. (Docket Entry No. 53 at 2). It is not the Court's responsibility to serve motions. It is the responsibility of the party filing a motion to serve that motion on the opposing party. The record indicates that Defendants Rooker, Cartwright, and "Richardson" or "Robinson" served Plaintiff with their Motion to Dismiss on September 20, 2004, by United States Mail. (See Certificate of Service, Docket Entry No. 12).

More importantly, on October 1, 2004, Plaintiff filed a "Notice of Temporary Absence" with the Court in which she asked the Court to grant her an extension of time to file "appropriate pleadings such as, but not limited to, 'Opposing Response to Defendants' Motion to Dismiss.'" (Docket Entry No. 17). Thus, Plaintiff's own Notice to the Court belies her assertion that she was unaware of Defendant Cartwright's Motion to Dismiss.

Plaintiff may have meant that she was unaware of the Court's Order granting Defendants' Motion. The Court notes that on more than one occasion Plaintiff has not claimed the certified mail sent to her by the Court. (See Docket Entry Nos. 14 and 24). It is Plaintiff's responsibility as a litigant to provide the Court with a current and correct mailing address and to claim the mail sent to her by the Court so that Plaintiff can be apprised of the status of her case.

If Plaintiff did not receive the Court's Order and accompanying Memorandum of November 19, 2004 (Docket Entry Nos. 22

8

and 23), for whatever reason, Plaintiff was on notice that Defendants had filed a dispositive motion, and Plaintiff should have contacted the Court to determine the status of that Motion and her case. In any event, the Court's Order dismissing Defendant Cartwright was referenced in several subsequently-entered Orders, which should have put Plaintiff on notice that she had not received the Court's Order, if she had not received it. (See Docket Entry Nos. 28, 45, 47, and 48). To the Court's knowledge, Plaintiff has never requested a copy of the Order.

For the reasons explained above, the Court is not inclined to alter its previous Order affirming the Magistrate Judge's Order of March 10, 2005.

**B.    Motion to Reconsider Order Affirming Clerk's Order (Docket Entry No. 54)**

On March 14, 2005, Plaintiff filed a "Cross Motion for Default Judgment" (Docket Entry No. 30), which the Clerk of Court construed as a request for entry of default (Docket Entry No. 36). After the Clerk of Court denied Plaintiff's request, Plaintiff filed a "Notice of Court Clerk's Intentional Errors" (Docket Entry No. 27), which the Court construed as Motion to Reconsider the Clerk of Court's denial of entry of default (Docket Entry No. 47). On June 16, 2005, the Court denied Plaintiff's Motion and affirmed the Clerk's denial of entry of default. (Id.) Plaintiff now asks the Court to reconsider its ruling.

First, Plaintiff states that she did not intend for her "Notice" to be construed as a motion to reconsider the Clerk's denial of entry of default. (Docket Entry No. 55). Instead, she

9

wanted "to put the Clerk on notice that his action was uncalled for." (Id.)  However, Plaintiff has not submitted any evidence of intentional or unintentional errors by the Clerk resulting in prejudice to her case.

Second, Plaintiff contends that the Court erred in dismissing the claims against Defendant Cartwright without a trial by a jury on the merits.  (Id.)  Early in this case, Defendants filed a pre-trial Motion to Dismiss Plaintiff's claims for failure to state claims upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In laymen's terms, Defendants argued that Plaintiff had not brought claims against Cartwright for which she could recover under the law, assuming that everything Plaintiff alleged was true.

As required by the Federal Rules, when considering Defendants' Motion the Court reviewed the Complaint filed by Plaintiff in the light most favorable to her, construing all of its allegations in Plaintiff's favor.  See Skees v. United States, 107 F.3d 421, 423 (6th Cir. 1997) (citations omitted).  The Court dismissed Plaintiff's claims against Defendant Cartwright after determining that "it appear[ed] beyond doubt that the plaintiff c[ould] prove no set of facts in support of h[er] claim[s] which would entitle h[er] to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1975)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because Plaintiff had not alleged viable claims against Defendant Cartwright, she was not entitled to proceed on those claims to discovery or to trial.

10

Plaintiff also contends that the Court was required to construe Defendant Cartwright's Motion to Dismiss as a motion for summary judgment. "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." See Fed. R. Civ. P. 12(b). However, no evidence outside the pleadings was presented in support of or in opposition to Defendants' Motion to Dismiss. Thus, the Court was not required to convert Defendants' Motion into a summary judgment motion.

Third, Plaintiff states that her "Cross Motion for Default Judgment" (Docket Entry No. 30) should not have been construed as a motion for entry of default. However, "'[e]ntry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b).'" Ramada Franchise Sys., 220 F.R.D. at 305 (quoting Systems. Industries, Inc. v. Han, 105 F.R.D. 72, 74 (E.D. Pa. 1985)). Plaintiff had not sought or received an entry of default prior to filing her "Cross Motion for Default Judgment."

Plaintiff also takes issue with the fact that the Clerk of Court, rather than the Court, ruled on her Motion. The Rules provide that the Clerk enters defaults when appropriate. Fed. R. Civ. P. 55(a)("[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Once a default is entered by the Clerk, if the

11

plaintiff is seeking a sum certain, the Rules allow the Clerk to enter a default judgment under appropriate circumstances. Fed. R. Civ. P. 55(b)(1). However, if a plaintiff is seeking an unspecified amount of monetary damages, as is Plaintiff here, only the Court is permitted to enter the default judgment. Id.

Finally, Plaintiff repeats her contention that it was improper for the Court to rule on Defendants' request for a time extension before receiving a response from Plaintiff. The Court is not inclined to reverse its earlier ruling. A court is not required to wait for the non-moving party to respond before deciding whether to grant a motion for a time extension.

As explained above, Plaintiff has presented no evidence warranting the Court's reversal of its decision to affirm the Clerk's Order of March 15, 2005.

## C. Motion to Reconsider Order Denying Plaintiff's Motion to Strike (Docket Entry No. 59)

On May 5, 2005, Plaintiff filed a Motion to Strike Defendants' Answers because they were filed late. (Docket Entry No. 41). The Court acknowledged that Defendants' Answers were untimely filed, but declined to strike them, noting that Plaintiff had not argued she had been prejudiced by Defendants' untimely filing and had presented no evidence of bad faith or dilatory motive on the part of Defendants. (Docket Entry No. 48 at 2). The Court expressly advised Defendants that all future deadlines in this case would be strictly enforced, and that failure to abide by such deadlines may result in the entry of judgment in Plaintiff's favor. (Id.)

12

Plaintiff now asks the Court to reconsider this ruling, advancing essentially the same arguments the Court previously rejected. Plaintiff states for the first time that she was "clearly prejudiced" as a result of Defendants' untimely filing, but her conclusory statement is not supported by evidence. As such, the Court is not inclined to reverse its prior ruling.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's (1) "Motion for Review of Order Affirming Magistrate Judge's Order" (Docket Entry No. 52); (2) "Objection To and Motion for Review of Order Affirming Court Clerk's Error" (Docket Entry No. 54); and (3) "Second Motion to Strike Defendants' Answers" (Docket Entry No. 59), all of which are construed as Motions to Reconsider under Federal Rule of Civil Procedure 54(b), shall be DENIED.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE