IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UTHAIWAN WONG-OPASI )
)
v. ) NO. 3:04-0646
)
RICHARD R. ROOKER, et al. )

TO: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By order entered August 5, 2004 (Docket Entry No. 3), the Court referred this civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72) of the Federal Rules of Civil Procedure.

Presently pending before the Court is a motion to dismiss (filed June 20, 2005; Docket Entry No. 49) filed by Defendants Richard Rooker and Norman Robinson. Plaintiff has filed a response in opposition to the motion (filed July 22, 2005; Docket Entry Nos. 56-57). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

Plaintiff initiated this action on July 25, 2004, against Defendants Richard R. Rooker, Clerk of the Davidson County Court; Tracy Cartwright, Chief Deputy Clerk of the Davidson County Circuit Court; and Norman Robinson[1], Head of Security for the Davidson County Circuit Court.

---

[1] Plaintiff incorrectly identified this defendant as "Norman Richardson" in her complaint, but Defendants have filed a notice of his correct name. See Docket Entry No. 66.

Plaintiff's complaint is based upon events related to civil lawsuits which she has filed in Davidson County. On July 26, 2004, Plaintiff was at the Davidson County Circuit Courthouse making inquiries about her lawsuits. She alleges that she asked Defendants Rooker and Cartwright several questions about her lawsuits and about civil procedure but that Defendants failed to provide satisfactory answers to her questions. She alleges that:

> 41. In order to bar the plaintiff's further questions, Defendant Rooker asked two security guards: -- one male and one female -- to remove the plaintiff from the Courthouse.
>
> 42. In effect, the two security guards dragged the plaintiff out from the Clerk's Office to outside of the Courthouse over the plaintiff's cries for help and protest against violation of her civil rights.
>
> 43. At this point, Defendant [Robinson] joined the two security guards.
>
> 44. At the door outside the Courthouse, Defendant [Robinson] identified himself as the Chief Security Guard.
>
> 45. He prohibited the plaintiff from returning to the Courthouse today.
>
> 46. He further threatened to call police to imprison the plaintiff if she disobeyed his "order."

See Complaint (Docket Entry No. 1) at 6.

Based upon these events, Plaintiff seeks relief under 42 U.S.C. § 1983 alleging that her rights under the Fourteenth Amendment were violated. Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983.

By Order and accompanying Memorandum entered November 19, 2004 (Docket Entry Nos. 22 and 23), the Court granted in part and denied in part Defendants' previous motion to dismiss (Docket Entry No. 12). The Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 related to the assignment, processing, record-keeping, and scheduling of Plaintiff's state law libel cases and also

2

dismissed Defendant Cartwright as a Defendant. The Court denied Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1983 claim against Defendants Rooker and Robinson related to Plaintiff's removal from the Davidson County Courthouse on July 26, 2004. Specifically, the Court found that it was unclear from the record whether Plaintiff's claim against Defendants Rooker and Robinson related to her removal from the courthouse was barred by absolute quasi-judicial immunity because it was not clear whether the acts alleged by Plaintiff were judicial in nature. See Docket Entry No. 22 at 8.

A scheduling order (Docket Entry No. 25) was entered providing for a period of time for pretrial activity. These deadlines were later amended to provide for additional time. See Order entered March 10, 2005 (Docket Entry No. 28). Answers have been filed by Defendants Rooker (Docket Entry No. 39) and Robinson (Docket Entry No. 40). By order entered October 18, 2005 (Docket Entry No. 65), the Court addressed various motions filed by Plaintiff.

## II. MOTION TO DISMISS AND RESPONSE

Defendants contend that Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because the facts alleged in the complaint do not show that Defendants' conduct violated a constitutional right.[2] Defendants assert that, even if true, her allegations that she was removed from the courthouse and told not to return that day do not show that her right of access to the court was violated in any manner. They argue that there are no factual allegations in the

---

[2] In their first motion to dismiss, Defendants asserted Plaintiff failed to state a claim as the basis for their motion but they did not include the same argument that they make in the pending motion to dismiss. Instead, they relied solely upon the argument that they were entitled to quasi-judicial immunity as a bar to any recovery by Plaintiff. Defendants have not revived the quasi-judicial immunity argument in the pending motion to dismiss.

3

complaint which show that she was, in fact, denied the ability to file a lawsuit or to make a filing in any already filed lawsuit.

In response, Plaintiff asserts that Defendants' motion should be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff contends that a trial by jury is required to evaluate the merits of Defendants' argument or, in the alternative, that discovery and the filing of a statement of undisputed material facts should be required.[3]

### III. CONCLUSIONS

A motion to dismiss under Rule 12(b)(6) is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts in support of the alleged claims which would entitle Plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). For the purpose of a motion to dismiss, the Court must construe the complaint in the light most favorable to Plaintiff and accept all of the factual allegations as true. Skees v. United States, 107 F.3d 421, 423 (6th Cir. 1997); Allard v. Weitzman, 993 F.2d 1236, 1240 (6th Cir. 1993). More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. See Scheid, 859 F.2d at 436-37.

---

[3] It is not clear whether Plaintiff is suggesting that she has not been able to engage in discovery. Although the original scheduling order provided a February 21, 2005, deadline for completion of discovery, that deadline was extended to May 16, 2005, by order entered March 10, 2005 (Docket Entry No. 28). There has been no stay of discovery, and Plaintiff has had the opportunity to take discovery under the scheduling order.

4

After review of the motion, Plaintiff's response, and the complaint, the Court finds that Plaintiff's complaint should be dismissed for failure to state a constitutional claim.[4]

Trivial or de minimis acts are not matters of constitutional concern. See Sandin v. Connner, 515 U.S. 472, 483 (1995); Hudson v. McMillian, 503 U.S 1, 9-10 (1992); Ingraham v. Wright, 430 U.S. 651, 674 (1977); Grider v. Abramson, 180 F.3d 739, 752 (6th Cir. 1999); Thaddeus-X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999); Chaudhuri v. State of Tennessee, 130 F.3d 232, 237 (6th Cir. 1997); ACLU of Maryland v. Wicomico County, MD., 999 F.2d 780, 786 n.6 (4th Cir. 1993). Every affront or injury suffered by an individual does not become a matter of constitutional concern merely because it is committed by a state actor. Allegations of wrongdoing, even if couched in terms of a constitutional violation, are subject to dismissal if they fail to meet the threshold of constitutional significance.

With respect to the claim raised in the instant case, the Constitution certainly protects the right of an individual to access the courts. See Swekel v. City of River Rouge, 119 F.3d 1259, 1261-62 (6th Cir. 1997). For such a claim, the threshold of constitutional significance requires Plaintiff to allege and show that she suffered an actual litigation related injury or legal prejudice because of the actions of Defendants. See Lewis v. Casey, 518 U.S. 343, 349-51 (1996); Swekel, 119 F.3d at 1263-64; Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).

---

[4] Plaintiff suggests in her response in opposition that the Court should construe Defendants' motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Rule 12(b) provides that "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."

In considering Defendants' motion, the Court has not considered matters outside the pleadings. Thus, no basis exists for converting Defendants' motion to dismiss into a motion for summary judgment.

5

Plaintiff's allegation that she was removed from the courthouse and told not to come back that day fails to support a constitutional claim that she was denied access to the courts. She does not allege that she was prevented from filing a new lawsuit or from making a filing in an already pending lawsuit. She does not allege that she had any type of court hearing or trial scheduled for that day which she was prevented from attending. She does not allege that she suffered any type of actual litigation related prejudice because she was removed from the courthouse on the day in question. There are simply no allegations in the complaint showing that she suffered any kind of prejudice or litigation related injury. Moreover, the facts alleged certainly do not suggest that Plaintiff was prospectively barred from the courthouse or that the courthouse doors were closed to Plaintiff for anything other than the one day time period at issue in this case. In the absence of such allegations, it is not necessary to inquire further into the facts surrounding Plaintiff's removal from the courthouse. It appears beyond doubt that, even if Plaintiff can prove as true the facts alleged in her complaint, she would not be entitled to relief under 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that Defendants' Motion to Dismiss (Docket Entry No. 49) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the

right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*[signature]*
JULIET GRIFFIN
United States Magistrate Judge